UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>Plaintiff,<br><br>v.<br><br>BLUE DIAMOND HOSPITALITY LLC,<br><br>Defendant. | Case No.  5:21-cv-06234-EJD<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF STANDING; ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE SUPPLEMENTAL JURISDICTION OVER UNRUH ACT CLAIM**<br><br>Re: Dkt. No. 29 |

Before the Court is Defendant Blue Diamond Hospitality LLC's ("Blue Diamond") motion to dismiss Plaintiff Fernando Gastelum's First Amended Complaint in its entirety for lack of subject matter jurisdiction. *See* Motion to Dismiss First Amended Complaint for Lack of Standing ("Motion"), Dkt. No. 29. The Court finds the motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the Court **GRANTS in part** the motion to dismiss and **ORDERS** Plaintiff to file a written response showing cause why the Court should not decline to exercise supplemental jurisdiction over the remaining state law claim.

I.  **BACKGROUND**

Plaintiff Gastelum appearing *pro se* alleges that on June 30, 2021, he visited the Hampton Inn & Suites Gilroy ("Hotel") located at 5975 Travel Park Circle, Gilroy, California 95020, owned by Defendant. First Amended Complaint ("Amended Complaint"), Dkt. No. 27 ¶¶ 3, 8. Gastelum

is missing a leg and uses a wheelchair for mobility, and he has a specially equipped sport utility vehicle. *Id.* ¶ 1. He alleges that he went to the Hotel to avail himself of their goods or services and, in part, to determine if the Hotel is compliant with disability access laws.[1] *Id.* ¶ 8.

Gastelum contends that the Hotel provides a passenger loading zone located outside the lobby that lacks a marked access aisle as required by Section 503.3.3 of the Americans with Disabilities Act ("ADA") 2010 Standards for Accessible Design ("2010 Standards"). *Id.* ¶ 9. Gastelum alleges that because it is not marked, non-disabled guests are permitted to use the passenger loading zone, making it more difficult for him to enter and exit the lobby. *Id.* ¶ 10. He contends that he was denied full and equal access to Defendant's accommodation due to this barrier in violation of the ADA, 42 U.S.C. § 12182, and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. *Id.* ¶¶ 19-22, 23-26. He further contends that these barriers can be corrected without much difficulty or expense; that he is often in the area where the Hotel is located; and that he will return to the Hotel to avail himself of the goods and services once the barriers are remedied. *Id.* ¶¶ 15-17. Gastelum is seeking injunctive relief, nominal damages, statutory damages, and attorney's fees and costs in the event he hires counsel. *Id.* at 6.

On February 18, 2022, Defendant filed the instant motion to dismiss all claims for lack of jurisdiction on the grounds that Gastelum lacks Article III standing.[2] *See* Mot. Gastelum opposes the motion. *See* Plaintiff's Opposition to Defendant's Second Motion to Dismiss ("Opp'n"), Dkt. No. 30.

## II.   LEGAL STANDARD

Federal Rule of Procedure 12(b)(1) permits a party to assert a defense of lack of subject

---

[1] Defendant notes that, although Plaintiff does not allege his residence in the complaint, he resides in Casa Grande, Arizona. Mem. at 3.

[2] Defendant filed its First Motion to Dismiss on January 25, 2022, and Plaintiff subsequently amended the complaint ("First Amended Complaint") in lieu of responding to Defendant's motion. *See* Dkt. Nos. 23, 26, 27. The Court denied the previous motion to dismiss as moot. *See* Dkt. No. 28.

Case No.: 5:21-cv-06234-EJD
ORDER GRANTING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF STANDING; ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE SUPPLEMENTAL JURISDICTION OVER UNRUH ACT CLAIM

2

matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A jurisdictional attack may be factual or facial. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

For a factual attack, defendant presents extrinsic evidence for the court's consideration. In this case "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121 (citations omitted). "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

### A.   DISCUSSION

Blue Diamond asserts both facial and factual jurisdictional challenges to the ADA claim. Specifically, Blue Diamond asserts a facial challenge to Gastelum's alleged concrete and particularized injury, as well as his alleged intent to return to the Hotel and imminent threat of repeated injury. Blue Diamond asserts factual challenges as to whether the Hotel's entrance constitutes a "passenger loading zone" and whether Gastelum could have visited Defendant's Hotel on the day in question with the intent of availing himself of the Hotel's goods and services despite his visits to multiple other hotels throughout California on the same day.

With respect to the state law claim, Blue Diamond facially challenges whether Gastelum has sufficiently alleged standing. The Court addresses each argument in turn.

### 1. ADA Claim

The only available relief to private plaintiffs under the ADA is injunctive. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). To establish Article III standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the Store's actions, and that the injury can be redressed by a favorable decision." *Id.* at 946. "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* at 944. In addition, a Plaintiff seeking injunctive relief must also "demonstrate a 'real and immediate threat of repeated injury' in the future." *Id.* at 946 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

For the reasons discussed below, the Court finds that, while Gastelum facially establishes an injury-in-fact, he ultimately fails to establish standing to seek injunctive relief pursuant to the ADA by failing to sufficiently allege an intent to return or an imminent threat of repeated injury. Because the Amended Complaint fails to allege sufficient facts to facially establish Article III standing, the Court need not address Defendant's factual challenges.

### a. Injury-in-Fact

Blue Diamond first contends that Gastelum fails to allege an injury-in-fact because he fails to allege how the alleged barrier—a lack of a marked access aisle in the passenger loading zone—relates to his disability. Mot. at 8. "[A] barrier will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his *particular* disability." *Chapman*, 631 F.3d at 947 (emphasis added). An ADA plaintiff cannot "rais[e] the rights of third parties rather than the rights of the individual plaintiff." *Id.* at 951. Blue Diamond asserts that Gastelum identified an alleged ADA violation but did not properly plead how the purported barriers affected his full and equal enjoyment of the Hotel because of his particular disability. Mem. at 8–10. For example, Gastelum did not specifically allege that he used a wheelchair at the Hotel or that he was a "passenger" (and therefore had reason to use the passenger loading zone).

Case No.: 5:21-cv-06234-EJD
ORDER GRANTING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF STANDING; ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE SUPPLEMENTAL JURISDICTION OVER UNRUH ACT CLAIM
4

1  *Id.* at 9–10, 12.  In support of the former, Blue Diamond asks the Court to take judicial notice of
2  two hotel surveillance videos, the first showing Gastelum walking into a hotel using a cane and the
3  second showing him standing in the lobby with a cane.  *Id.* at 9–10 n. 3; Sims Decl. ¶ 3.  Blue
4  Diamond argues that, based on this footage, Gastelum's alleged use of his wheelchair is an
5  "outright lie" and the barrier he alleges is only a "barrier[] to someone in a wheelchair" and not
6  someone "using only a cane" for mobility.  *Id.* at 10.  Thus, Blue Diamond contends that Gastelum
7  has not pled an injury-in-fact.  *Id.*

8        The court may take judicial notice of a fact that is "not subject to reasonable dispute"
9  because it is either "generally known within the trial court's territorial jurisdiction" or "can be
10 accurately and readily determined from sources whose accuracy cannot reasonably be questioned."
11 Fed. R. Evi. 201(b).  Here, the hotel surveillance videos fail to satisfy either of these standards.
12 *Gastelum v. Tc Heritage Inn 2 of Bakersfield*, No. 21-CV-1230-JLT, 2022 WL 541791, at *3–4
13 (E.D. Cal. Feb. 23, 2022).  Moreover, the surveillance videos are irrelevant because they were
14 taken on July 1, 2021 and were recorded at the Hilton Bakersfield—not Defendant's Hotel.  Sims
15 Decl. ¶ 3.  Therefore, Blue Diamond's request for judicial notice is denied.[3]

16       Blue Diamond cites to *O'Campo* and quotes the Ninth Circuit's finding that "[t]he district
17 court properly concluded that the barriers O'Campo alleged would not interfere with the full and
18 equal access of a mobility-impaired person who requires the use of a cane, rather than a
19 wheelchair."  *O'Campo v. Bed Bath & Beyond of California*, LLC, 610 F. App'x 706, 708 (9th
20 Cir. 2015).  However, the plaintiff in *O'Campo* alleged that he used a cane.  *Id.* at 707.  Because
21 plaintiff did not plead that he uses a wheelchair, the district court determined that it lacked subject

---

[3] Even if the Court were to take judicial notice of the surveillance videos, this footage does not call into doubt Gastelum's allegations since a demonstrated ability to ambulate short distances is not inconsistent with Gastelum's allegation that he uses a wheelchair for mobility.  In his sworn declaration Gastelum clarified that he uses a prosthetic leg with a cane to move short distances, particularly in locations that are not designed for wheelchair use or otherwise difficult to navigate.  Gastelum Decl., Dkt. No. 31 ¶¶ 1-4.  He typically uses his wheelchair but brings his prosthesis and cane with him to all public places in case a location is not wheelchair accessible.  *Id.* ¶¶ 5, 9.

matter jurisdiction, "noting that the five alleged barriers would present problems only for a person in a wheelchair." *Id.* Accordingly, the complaint was dismissed because plaintiff failed to "show a relationship between the alleged barriers and the nature of his disability as pleaded." *Id.* Unlike O'Campo, Gastelum maintains that he uses a wheelchair for mobility, and that the alleged barrier presents a problem for a wheelchair user. Am. Compl. ¶¶ 1-2. These allegations are sufficient to demonstrate that the alleged barriers relate to Gastelum's disability.

Blue Diamond also challenges whether Gastelum actually encountered the barrier relating to the passenger loading zone, arguing that Gastelum's allegations are insufficient because he does not allege that he was a passenger in a vehicle, rather than the driver, or that he attempted to be dropped off in the Hotel's passenger loading zone upon arrival.[4] Reply at 7. Blue Diamond relies on a decision by the District Court for the Eastern District of California where the court found Gastelum's complaint to be facially deficient for these very reasons. *Tc Heritage Inn 2 of Bakersfield*, 2022 WL 541791, at *8 ("Gastelum also fails to allege he was a passenger in a vehicle—rather than the driver—when he arrived at Home 2 Suites, and that Gastelum attempted to be dropped off outside the hotel in the alleged loading zone.").

However, an ADA plaintiff does not need to allege an injury-in-fact with the level of specificity argued by Defendant. A barrier will constitute an ADA violation "if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Chapman*, 631 F.3d at 947. This Court has found that an ADA plaintiff sufficiently alleged an injury-in-fact where plaintiff alleged that he uses a wheelchair and that a restaurant did not have

---

[4] Defendant also contends that Plaintiff "could not [have] enter[ed] the lobby when he purportedly visited the Hotel" without being a guest or having a reservation because it is a "locked hotel." Mem. at 12. Because the hotel is "locked" and Plaintiff has not alleged why he needed a passenger loading zone, Defendant argues that Plaintiff therefore could not have suffered an injury-in-fact. *Id.* However, Defendant does not say whether a potential guest without a prior reservation could enter the Hotel and book a room for the night. It is unclear to the Court what Defendant is arguing and, for the reasons discussed below, Plaintiff does not need to specifically allege that he was a passenger at the time he encountered the unmarked passenger loading zone in order to establish an injury-in-fact.

Case No.: 5:21-cv-06234-EJD
ORDER GRANTING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF STANDING; ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE SUPPLEMENTAL JURISDICTION OVER UNRUH ACT CLAIM

6

1  handicap accessible parking but did "not reveal how Plaintiff was traveling when he encountered
2  the barrier at 5 Spot Chivas Grill." *Arroyo v. Silva*, No. 14-CV-03988-EJD, 2015 WL 4538366, at
3  *3 (N.D. Cal. July 27, 2015) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)
4  (holding the federal court accepts the allegations in the complaint as true and draws all reasonable
5  inferences in plaintiff's favor for a facial Rule 12(b)(1) motion)). The Court reasoned that
6  "explicit allegations on this topic are unnecessary" and that "[t]he reasonable inference that arises
7  from the other allegations, including the facts that Plaintiff resides somewhere other than San Jose
8  and needed the use the handicap parking space before he could enter the restaurant, is that Plaintiff
9  was using a vehicle equipped to accommodate his wheelchair." *Id.*

10  Similarly, Gastelum alleges that he uses a wheelchair, that he visited Defendant's Hotel,
11  and that the Hotel lacked a passenger loading zone with a marked access aisle in violation of the
12  ADA and 2010 Standards. Compl. ¶¶ 1, 8-10. On a facial challenge these pleadings are sufficient
13  for the Court to infer that Gastelum needed to use the passenger loading zone when he
14  encountered the barrier at Defendant's Hotel. Gastelum need not detail how he arrived at
15  Defendant's Hotel.

16  In sum, the Court finds that Gastelum's allegations with respect to the lack of marked
17  access aisles in the passenger loading zone facially establish an injury-in-fact. Gastelum alleges
18  that he visited the Hotel; that he uses a wheelchair and specially equipped vehicle for mobility;
19  that "[t]he loading zone at the Hotel does not have a marked access [a]isle as required by [2010]
20  Standards at 503.3.3;" that he "personally encountered the barrier" which "makes it more difficult
21  for [Gastelum] to enter or exit the lobby with his wheelchair because non-disabled guests are
22  permitted to use the passenger loading zone;" that the failure to provide accessible facilities
23  "created difficulty and discomfort" to him and denied him full and equal access; and that this
24  barrier deters Gastelum from returning to the Hotel. Am. Compl. ¶¶ 1-2, 4(a), 9, 10-13, 17. The
25  Ninth Circuit has found similarly detailed allegations sufficient for an ADA plaintiff to establish
26  an injury-in-fact. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1179 (9th Cir. 2021) ("Here,

1    Whitaker's complaint alleges that he uses a wheelchair for mobility, that he visited the defendant's
2    premises, that he personally encountered a barrier related to his disability—inaccessible service
3    counters—and that the barrier deters him from returning.  These allegations are sufficient to
4    establish injury-in-fact for purposes of standing.").[5]

5    Accordingly, Gastelum has sufficiently alleged a concrete and particularized injury-in fact
6    for the purposes of establishing Article III standing.

### b.     Intent to Return

In addition to demonstrating standing to pursue injunctive relief under the ADA, a plaintiff must establish a "real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *O'Shea*, 414 U.S. at 496.  In other words, an ADA plaintiff must show that he or she (1) intends to return to the public accommodation if it were ADA compliant, and (2) upon return, plaintiff faces a "sufficient likelihood of future harm," or is likely to suffer repeated injury.  *Chapman*, 631 F.3d at 948.  While plaintiff's motive is irrelevant, plaintiff's intent to return must be genuine.  *Chapman*, 631 F.3d at 953.

Blue Diamond contends that Gastelum has not established a likelihood of future harm because he has not sufficiently alleged an intent to return to the Hotel.  Blue Diamond asks the Court to balance the factors enumerated by this Court and various other courts in the Ninth Circuit in assessing intent to return.  *Johnson v. DTBA, LLC*, 424 F. Supp. 3d 657, 663 (N.D. Cal. 2019); *see also Johnson v. Right Crons Inc.*, No. 20-CV-08117-EJD, 2021 WL 3565441, at *4 (N.D. Cal.

---

[5] While the Ninth Circuit affirmed the district court's granting of defendant's motion to dismiss, it did so on the grounds that Whitaker failed to "allege facts sufficient to support his ADA claim" under Rule 12(b)(6) because he "primarily recited legal conclusions" which fell short of putting Tesla on notice of how the alleged barriers prevented him from full and equal access to the facility.  *Tesla Motors, Inc.*, 985 F.3d at 1177.  Whitaker pled that the service counters were inaccessible but failed to provide basic factual detail, such as whether the service counters were too high, too low, or otherwise inaccessible for another reason, and how the inaccessible counters denied him full and equal access to Tesla.  *Id.*  Whitaker's allegations in *Tesla Motors* are distinguishable from Gastelum's because, here, Gastelum details how the passenger loading zone is non-compliant (it lacks a marked access aisle) and how this barrier denied him full and equal access to the Hotel (difficulty entering and exiting the lobby because non-disabled guests can use it).  Am. Compl. ¶¶ 9, 10.

1   Aug. 11, 2021); *Johnson v. Overlook at Blue Ravine, LLC*, No. 10-CV-02387-JAM, 2012 WL

2   2993890, at *3 (E.D. Cal. July 20, 2012); *Brooke v. CSP Hosp. LLC*, No. EDCV 20-2202-JGB,

3   2021 WL 401990, at *4 (C.D. Cal. Feb. 2, 2021), *appeal dismissed*, No. 21-55086, 2021 WL

4   3412133 (9th Cir. May 12, 2021). "To determine whether a plaintiff's likelihood of returning to a

5   place of public accommodation is sufficient to confer standing, courts examine factors such as (1)

6   the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of

7   defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's

8   frequency of travel near defendant." *DTBA, LLC*, 424 F. Supp. 3d at 663 (internal citations and

9   quotations omitted). In weighing these factors Blue Diamond argues that they favor Defendant.

10  Mem. at 14–17.

11        First, Blue Diamond asserts that the proximity from Gastelum's home to the Hotel weighs

12  neutral in the balancing test because, although Gastelum lives in Arizona, hotels are meant to

13  lodge individuals particularly when they are far from home. Mem. at 14. Second, Blue Diamond

14  asserts that the prior patronage factor weighs in its favor because Gastelum has not alleged that he

15  has visited the Hotel in the past for any reason outside his visits arising from this lawsuit. Blue

16  Diamond contends that the third factor also weighs in its favor because Gastelum has not alleged

17  sufficiently definitive or concrete plans to return. Am. Compl. ¶ 17 ("I will return to the Hotel to

18  avail himself of the goods and services…once it is represented to him that the Hotel is

19  accessible."). This Court in *Johnson v. DTBA* found this non-specific "someday intention,"

20  coupled with the other factors, insufficient to weigh against plaintiff. *DTBA, LLC*, 424 F. Supp.

21  3d at 663 (citing *Johnson v. Overlook at Blue Ravine, LLC*, No. 2:10-CV-02387-JAM, 2012 WL

22  2993890, at *1 (E.D. Cal. July 20, 2012)).

23        Finally, Blue Diamond challenges the sincerity of Gastelum's alleged intent to return to the

24  Hotel because Gastelum says that he is "often in the area where the Hotel is located" without

25  offering any details as to the frequency or nature of his visits, particularly given the geographic

26  distance between Plaintiff's residence in Casa Grande, Arizona and Gilroy, California. *Id.* at 18;

27  Case No.: 5:21-cv-06234-EJD
    ORDER GRANTING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR
28  LACK OF STANDING; ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT
    DECLINE SUPPLEMENTAL JURISDICTION OVER UNRUH ACT CLAIM

United States District Court
Northern District of California

1  Am. Compl. ¶¶ 16-17.  This Court previously rejected a plaintiff's asserted intent to return where

2  plaintiff presented no evidence that he has specific ties to the Bay Area or the place of

3  accommodation.  *DTBA, LLC*, 424 F. Supp. 3d at 665; *see also Gastelum v. Lodging*, No. EDCV

4  22-63-JGB-KKX, 2022 WL 2101911, at *4 (C.D. Cal. Apr. 14, 2022) (noting that "Riverside is

5  almost 400 miles from Mr. Gastelum's home in Casa Grande," that "[t]here is no mention of

6  regular visits to Riverside… or any particular connection to the location or other reason to visit the

7  area in the future," and finding that Gastelum's allegation that he is often in the area is "a vague

8  and unsupported assertion."); *cf. Rutherford v. Kelly*, No. 20-CV-00293-L-BGS, 2021 WL

9  488342, at *3 (S.D. Cal. Feb. 9, 2021) (finding that plaintiff was likely to visit the restaurant again

10  by alleging past visits to the restaurant before the lawsuit and that he will return in "45 days as a

11  'tester.'").  Likewise, because Gastelum fails to allege facts establishing specific ties to the Gilroy

12  area or Defendant's Hotel, the Court agrees that this factor weighs against Gastelum.

13  In conclusion, Gastelum fails to sufficiently allege standing to sue because he has not

14  adequately pled that he intends to return to the Hotel.

### c. Deterrence

16  "A disabled individual also suffers a cognizable injury if he is deterred from visiting a

17  noncompliant accommodation because he has encountered barriers related to his disability there."

18  *Chapman*, 631 F.3d at 949.  As discussed above, to establish standing a plaintiff must also

19  demonstrate "'a sufficient likelihood that he will again be wronged in a similar way.'" *Chapman*,

20  631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  The threat of a

21  future injury must be sufficiently "imminent,' meaning that an ADA plaintiff would suffer an

22  "imminent injury from the facility's 'existing or imminently threatened noncompliance with the

23  ADA.'"  *Chapman*, 631 F.3d at 949 (quoting *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d

24  1133, 1138 (9th Cir. 2002)).

25  Plaintiff argues that he sufficiently alleges deterrence from retuning to Defendant's Hotel.

26  *See* Compl. ¶ 17.  In addition, Gastelum indicates in his brief that he returned to the Hotel a

1    second time on January 25, 2022, and was again deterred from staying at the hotel based on his
2    previous encounter and knowledge of the barrier. Opp'n at 4. Aside from these two occasions,
3    Gastelum has not alleged any past visits or future plans to return. These pleadings are insufficient
4    to show a "real and immediate threat of repeated injury." *C.R. Educ. & Enf't Ctr.* (*CREEC*) *v.*
5    *Hosp. Properties Tr.*, 867 F.3d 1093, 1100 (9th Cir. 2017). For example, the Ninth Circuit has
6    reasoned that "evidence of concrete travel plans would be sufficient to show that a disabled
7    plaintiff intends to visit a facility, even if she has not travelled there in the past" and that "in the
8    absence of travel plans, a past visit might not be sufficient evidence of imminent future harm."
9    *CREEC*, 867 F.3d at 1100 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

10   A plaintiff must at least allege "*some* plausible intent to return" that would enable a court
11   to find that injury is actually imminent. *Right Crons Inc.*, No. 2021 WL 3565441, at *5; *Lujan*,
12   504 U.S. at 564 ("Such "some day" intentions—without any description of concrete plans, or
13   indeed even any specification of when the some day will be—do not support a finding of the
14   "actual or imminent" injury that our cases require."). Here, Gastelum provides only a "formulaic
15   recitation of an intent to return" which "is insufficient as a matter of law." *Johnson v. Mantena*
16   *LLC*, No. 19-CV-06468-EJD, 2020 WL 1531355, at *5 (N.D. Cal. Mar. 31, 2020) (citing *Ashcroft*
17   *v. Iqbal*, 556 U.S. at 662, 678 (2009)). He states only that he "will return to the Hotel to avail
18   himself of the goods and services" and that he is "often in the area where the Hotel is located."
19   Am. Compl. ¶¶ 16, 17. Such assertions are too vague for the Court to determine that Gastelum
20   will be harmed in a similar way, particularly considering that Gastelum's residence is located
21   approximately 727 miles away from Defendant's Hotel and he provides no reason as to why or
22   when he may return to the Hotel. Mem. at 14.

23   Accordingly, Gastelum has failed to allege the "imminence" requirement of standing and
24   therefore lacks standing under the ADA.

25   **2.    Unruh Act Claim**

26   Plaintiff's only remaining cause of action before the Court arises from California's Unruh

Case No.: 5:21-cv-06234-EJD
ORDER GRANTING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR
LACK OF STANDING; ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT
DECLINE SUPPLEMENTAL JURISDICTION OVER UNRUH ACT CLAIM
11

1  Civil Rights Act, Cal. Civ. Code § 51 *et seq.*, seeking statutory damages pursuant to § 55.56(a).
2  Compl. ¶¶ 23-26. Blue Diamond asks the Court to dismiss Gastelum's Unruh Act claim with
3  prejudice for failure to allege standing. Mem. at 21. Gastelum does not respond to this
4  contention. In its reply, Blue Diamond alternatively asks the Court to decline to exercise
5  supplemental jurisdiction over Plaintiff's state law claim. Reply at 12–13.

6  Federal courts may decline to exercise supplemental jurisdiction over a state law claim "in
7  exceptional circumstances." 28 U.S.C. § 1367(c)(4). When a "high-frequency" litigant asserts a
8  California Unruh Act claim in federal court alongside an ADA claim, this will typically constitute
9  an exceptional circumstance that justifies dismissal of the Unruh Act claim. *See Arroyo v. Rosas*,
10 19 F.4th 1202, 1211–14 (9th Cir. 2021); *Garcia v. Maciel*, 2022 WL 395316, at *2–5 (N.D. Cal.
11 Feb. 9, 2022); *Johnson v. Right Crons Inc.*, 2021 WL 3565441 (N.D. Cal. Aug. 11, 2021).
12 Plaintiff is therefore ordered to show cause why this Court should not decline to exercise
13 supplemental jurisdiction over the Unruh Act claim in a written response filed with the Court.

### III.   CONCLUSION

Based on the foregoing, Defendant's motion to dismiss for lack of standing under Rule 12(b)(1) is **GRANTED in part** with respect to Plaintiff's ADA claim because Plaintiff has failed to plead facts showing that he intends to return to Defendant's Hotel or that Plaintiff faces an imminent threat of repeated injury. When dismissing a complaint, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court finds amendment would not be futile. Accordingly, Plaintiff's ADA claim is dismissed with leave to amend. Plaintiff may file an amended complaint by **October 7, 2022**. Plaintiff may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

With respect to Plaintiff's state law claim, Plaintiff is **ORDERED** to show cause as outlined above. Plaintiff's written response to this order is due by **September 29, 2022**.

Case No.: 5:21-cv-06234-EJD
ORDER GRANTING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF STANDING; ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE SUPPLEMENTAL JURISDICTION OVER UNRUH ACT CLAIM

1    **IT IS SO ORDERED.**

2    Dated: September 16, 2022

                                                            _____
                                                            EDWARD J. DAVILA
                                                            United States District Judge

27   Case No.: 5:21-cv-06234-EJD
     ORDER GRANTING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR
28   LACK OF STANDING; ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT
     DECLINE SUPPLEMENTAL JURISDICTION OVER UNRUH ACT CLAIM
                                              13