United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FERNANDO GASTELUM,

Plaintiff,

v.

BLUE DIAMOND HOSPITALITY LLC,

Defendant.

Case No. 21-cv-06234-EJD

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: ECF Nos. 39, 50, 51

Plaintiff Fernando Gastelum ("Plaintiff" or "Gastelum") brings this action against Defendant Blue Diamond Hospitality LLC ("Defendant" or "Blue Diamond"), asserting violations of the federal Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, *et seq*. *See* Second Amended Complaint ("SAC"), ECF No. 37. Presently before the Court are (1) Blue Diamond's Motion to Dismiss the Second Amended Complaint in its entirety for lack of subject matter jurisdiction; (2) Gastelum's Motion for Summary Judgment; and (3) Blue Diamond's Cross-Motion for Summary Judgment. ECF Nos. 39 ("Mot."); 50 ("Plaintiff's MSJ"); 51 ("Defendant's Cross-MSJ"). The Court finds the three pending motions appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the Court DENIES Defendant's Motion to Dismiss, DENIES Plaintiff's Motion for Summary Judgment, and GRANTS Defendant's Cross-Motion for Summary Judgment.

## I. BACKGROUND

### A. Factual Background

The following recitation of facts is based on the Second Amended Complaint ("SAC") and the declarations submitted by the parties in their motion to dismiss and summary judgment briefings. Where appropriate, descriptions of the relevant factual and procedural background are taken from the Court's order on Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC"). *See* Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint for Lack of Standing ("Prior Order"), ECF No. 36.

Plaintiff, who appears *pro se*, alleges that on June 30, 2021, he visited the Hampton Inn & Suites Gilroy ("Hotel") located at 5975 Travel Park Circle, Gilroy, California 95020, owned by Defendant. Second Amended Complaint ("SAC"), ECF No. 37, ¶¶ 3, 10. Gastelum is missing a leg and uses a wheelchair for mobility, and he has a specially equipped sport utility vehicle. *Id.* ¶ 1. He alleges that he went to the Hotel to avail himself of their goods or services and, in part, to determine if the Hotel is compliant with disability access laws. *Id.* ¶ 21.

Gastelum contends that the Hotel provides a passenger loading zone located outside the lobby that lacks a marked access aisle as required by Section 503.3.3 of the ADA's 2010 Standards for Accessible Design ("2010 Standards" or "2010 ADAAG"). *Id.* ¶ 22. Gastelum alleges that because there is no marked access aisle, non-disabled guests are permitted to use the passenger loading zone, making it more difficult for him to enter and exit the lobby with his wheelchair. *Id.* ¶ 23. Plaintiff further contends that the lack of a marked access aisle in the alleged passenger loading zone is a barrier to accessibility that can be "easily corrected without much difficulty or expense." SAC ¶ 28. He alleges that he is often in the area where the Hotel is located, and that although he is "currently deterred from [availing himself of the Hotel] because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site," he "will return to the Hotel to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Hotel is accessible." *Id.* ¶¶ 29–30. In fact, according to Plaintiff, he "actual[ly] return[ed]" to the Hotel on

United States District Court
Northern District of California

January 25, 2022, and May 18, 2022, but the Hotel was not accessible. *Id.* ¶¶ 14–15.

Gastelum is seeking injunctive relief, actual damages, statutory damages, and attorney's fees and costs in the event he hires counsel. *Id.* at 8.

**B. Procedural Background**

Plaintiff filed this action on August 12, 2021. *See* Complaint, ECF No. 1. Plaintiff then filed an amended complaint on February 4, 2022, and Defendant filed a motion to dismiss on February 18, 2022. *See* First Amended Complaint ("FAC"), ECF No. 27; Motion to Dismiss First Amended Complaint for Lack of Jurisdiction, ECF No. 29. In September 2022, the Court issued an order dismissing Plaintiff's ADA claim for a lack of standing, based on Plaintiff's failure to plead facts showing an intent to return to the Hotel or an imminent threat of repeated injury. *See* Prior Order at 12. The Court granted Plaintiff leave to amend his complaint, and further ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over the Unruh Act claim. *See id.* Plaintiff filed the SAC and his response to the Court's order to show cause on September 20, 2022. *See* SAC; Response to Order to Show Cause ("OSC Response"), ECF No. 38.

On October 13, 2022, Defendant filed the pending motion to dismiss the SAC for lack of jurisdiction on the grounds that Gastelum continues to lack Article III standing because he has not shown a cognizable injury in fact. *See* Mot. Gastelum opposes the motion. *See* Opposition to Defendant's Motion to Dismiss the SAC ("Opp'n"), ECF No. 40. While the Motion to Dismiss remained pending, Plaintiff filed a motion for summary judgment. *See* Plaintiff's MSJ. Defendant opposed Plaintiff's summary judgment motion and filed a cross-motion for summary judgment. *See* Defendant's Cross-MSJ.

## II. LEGAL STANDARD

**A. Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

Case No.: 21-cv-06234-EJD
ORDER DENYING DEFT.'S MOT. TO DISMISS; DENYING PLTF.'S MOT. FOR SUMMARY JUDGMT.; GRANTING DEFT.'S CROSS-MOT. FOR SUMMARY JUDGMT.
3

(1994). That authorization, or subject matter jurisdiction, extends to cases involving diversity of citizenship, a federal question, or the United States as a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012). Courts have a continuing obligation to ensure that they have subject matter jurisdiction over a case. *See* Fed. R. Civ. P. 12(h)(3). Additionally, a defendant may assert a defense that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377.

A jurisdictional attack under Federal Rule of Civil Procedure 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

In a factual attack on subject matter jurisdiction "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In evaluating the issue, the court "may review evidence beyond the complaint," and "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citations omitted). A defendant "usually" raises a factual attack "by introducing evidence outside the pleadings." *Leite*, 749 F.3d at 1121. The plaintiff must then show "competent proof" supporting her jurisdictional allegations to satisfy her "burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* (citations omitted).

The Ninth Circuit has held that dismissal for lack of subject matter jurisdiction is generally inappropriate where a statute "provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief," *i.e.*, where the facts necessary to establish jurisdiction also implicate the merits of the plaintiff's claim. *Safe Air for Everyone*, 373

United States District Court
Northern District of California

Case No.: 21-cv-06234-EJD
ORDER DENYING DEFT.'S MOT. TO DISMISS; DENYING PLTF.'S MOT. FOR SUMMARY JUDGMT.; GRANTING DEFT.'S CROSS-MOT. FOR SUMMARY JUDGMT.
4

F.3d at 1039 (citations omitted). In such a circumstance, "a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous," such as where the plaintiff's federal claims are immaterial or made solely for the purpose of obtaining federal jurisdiction. *Id.* at 1040 (citation omitted).

**B. Summary Judgment**

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it would affect the outcome of the suit under the governing law, and a disputed issue is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmoving party bears the burden of proof at trial, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the moving party can meet this initial burden, the burden then shifts to the non-moving party to produce admissible evidence and set forth specific facts showing that a genuine issue of material fact does indeed exist for trial. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). If the non-moving party produces enough evidence to show a genuine issue of material fact exists, then it defeats the motion; otherwise, the moving party is entitled to summary judgment. *Id.*

In considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *See Tolan v. Cotton*, 572 U.S. 650, 655 (2014). The Court may not weigh conflicting evidence as to a disputed fact nor may it make credibility determinations; any disputed factual issues must be resolved in favor of the non-moving party.

*See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). However, the Court need not credit the non-moving party's version of events where it is blatantly contradicted by the record. *See Orn v. City of Tacoma*, 949 F.3d 1167, 1171 (9th Cir. 2020).

**C. ADA Claim**

Title III of the ADA, which governs access to privately operated public accommodations, states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination to include:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

42 U.S.C. § 12182(b)(2)(A)(ii). To establish a claim under this provision, a plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied full and equal treatment by the defendant because of her disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

## III. DISCUSSION

### A. Blue Diamond's Motion to Dismiss the Second Amended Complaint

#### 1. Request for Judicial Notice

Defendant Blue Diamond has filed a request for judicial notice of 13 documents in support of its motion to dismiss. *See* Request for Judicial Notice ("RJN"), ECF No. 39-5. The documents at issue are: Exhibit 1, a list of cases filed by Plaintiff in federal district courts in California since July 9, 2021; Exhibits 2–9, complaints filed by Plaintiff against hotels in Bakersfield, Gilroy, and San Diego in this and other districts across California between June 29 and July 4, 2021; Exhibit

Case No.: 21-cv-06234-EJD
ORDER DENYING DEFT.'S MOT. TO DISMISS; DENYING PLTF.'S MOT. FOR SUMMARY JUDGMT.; GRANTING DEFT.'S CROSS-MOT. FOR SUMMARY JUDGMT.
6

United States District Court
Northern District of California

10, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs in *Gastelum v. Hees II*, No. 21-cv-01337 (S.D. Cal. Jul. 27, 2021); Exhibit 11, the Second Amended Complaint in *Gastelum v. KPK Hospitality*, No. 21-cv-01510 (C.D. Cal. May 16, 2022); Exhibit 12, the First Amended Complaint in *Gastelum v. Pinnacle Hotel Circle*, No. 21-cv-01458 (S.D. Cal. June 1, 2022); and Exhibit 13, the First Amended Complaint in *Gastelum v. LL Sacramento, LP*, No. 21-cv-01481 (E.D. Cal. Sept. 1, 2022). *See* RJN, Exs. 1–13. Plaintiff does not oppose Defendant's request.

Federal Rule of Evidence 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). "Accordingly, '[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). However, a court may not take judicial notice of disputed facts stated in the public records. *Lee*, 250 F.3d at 690. Court filings are matters of public record for which judicial notice is routinely granted. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts."). Accordingly, the Court GRANTS Defendant's request for judicial notice as to Exhibits 1 to 13. However, these exhibits will not be noticed "for the truth of the matter asserted therein." *Gastelum v. Parvarti Hosp. Inc.*, 2022 WL 2812176, at *3 (N.D. Cal. July 18, 2022) (citations omitted).

**2. Subject Matter Jurisdiction**

Defendant brings a factual challenge to jurisdiction, arguing that Plaintiff lacks standing under Article III because he has neither suffered an injury in fact nor established an intent to return. Mot. 4–5.[1] Article III standing "is a necessary component of subject matter jurisdiction,"

[1] Some of Defendant's arguments might initially appear to be facial challenges because Defendant does not support them with extrinsic evidence. *See, e.g.*, Mot. 6–7. However, Defendant makes clear that it is bringing a factual challenge. Mot. 4–5 ("In granting Defendant's prior motion to dismiss, [the Court] did not address Defendant's factual challenge to subject matter jurisdiction . . . . However, in light of Gastelum's enhanced . . . allegations regarding his intent to return, it is

and an injury in fact is one of the three elements—the other two being causation and redressability—required to show standing. *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). An injury in fact must be both concrete and particularized. *Id.* Further, to "pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (citation omitted). An ADA plaintiff may establish Article III standing to pursue injunctive relief "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* at 944.

**a. Article III Standing**

Defendant argues that Plaintiff's alleged injury—the lack of marked access aisle for a passenger loading zone—is neither concrete nor particularized. Mot. 5–9. A "concrete" injury is one that "actually exist[s]"—although it need not necessarily be tangible—and a "particularized" injury is one that "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). Defendant argues that Gastelum has not experienced a concrete injury because there is no loading zone at the Hotel (and Defendant is not required to provide one). Mot. 6–8. Defendant further argues that even if there were a passenger loading zone without an access aisle, the Hotel provides equivalent access that obviates any need for a passenger loading zone under the doctrine of equivalent facilitation. *Id.* at 8–9. In support, Defendant attaches an affidavit from the Hotel's General Manager that states that the Hotel "has no loading zone marked with any type of signage or design elements" and attaches three photographs of the Hotel's entrance area. Declaration of Eric Gebhardt ("Gebhardt Decl."), ECF No. 39-2, ¶¶ 2, 4. Defendant additionally provides an affidavit from the Certified Access Specialist who inspected

time to require more than mere allegations to support jurisdiction."). Further, extrinsic evidence is not required to bring a factual challenge. *See Leite*, 749 F.3d at 1121 ("A 'factual' attack . . . contests the truth of the plaintiff's factual allegations, *usually* by introducing evidence outside the pleadings.") (emphasis added).

the Hotel prior to its opening that states that the Hotel is not required to provide a passenger loading zone under the 2010 ADAAG. Declaration of Gary Layman ("Layman Decl."), ECF No. 39-3, ¶ 14. Mr. Layman's declaration further states that the Hotel has accessible parking such that no passenger loading zone would be needed for any guest, and that "it is not possible for Mr. Gastelum to have experienced any violation of the 2010 ADA Standards for a passenger loading zone" at the Hotel. *Id.* ¶ 14. For these reasons, Defendant contends, Plaintiff has not shown a violation of the 2010 ADAAG, and has not established the actual existence, or concreteness, of an injury. Mot. 6.

As for particularization, Defendant argues that Plaintiff did not experience a "personal and individual" injury because the ADA does not require the Hotel to prevent non-disabled guests from using a passenger loading zone, Plaintiff would not have experienced difficulty in accessing the lobby because the area is flat, and Plaintiff does not allege that he was a passenger or that he got out of his car and attempted to enter the lobby while using a wheelchair (versus a cane). Mot. 10–11. Defendant contends that any alleged ADA violation is "a mere procedural violation with no effect on Gastelum." *Id.* at 12.

In response, Plaintiff provides a declaration stating that (1) he brings a wheelchair, a prosthetic leg, and a cane when he plans to visit a public place, and the use of the prosthesis and cane is secondary to the use of the wheelchair; (2) the Hotel is required to provide a passenger loading zone; (3) the Hotel provides a passenger loading zone without a marked access aisle; (4) the lack of marked access aisle made it difficult for Gastelum to enter or exit the lobby with his wheelchair. Declaration of Fernando Gastelum ("Gastelum Decl. iso Mot."), ECF 40-2, ¶¶ 10, 12–15; Opp'n at 2–3.

The Court finds that the "question of jurisdiction is dependent of the resolution of factual issues going to the merits of [this] action." *Safe Air for Everyone*, 373 F.3d at 1039 (internal quotation marks and citation omitted). The evaluation of whether Plaintiff suffered an injury in fact based on the existence of a passenger loading zone and its compliance with the 2010

United States District Court
Northern District of California

Standards would necessarily "require deciding whether the Hotel's facilities are accessible to Plaintiff." *Parvarti Hosp.*, 2022 WL 2812176, at *4. As such, the Article III jurisdiction issue and substantive issues are so intertwined that it would be inappropriate to dismiss the complaint for lack of subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039; *see also Parvarti Hosp.*, 2022 WL 2812176 (declining to dismiss based on Rule 12(b)(1) jurisdictional challenge where issue of ADA plaintiff's injury in fact was too intertwined with the merits); *Johnson v. Fogo De Chao Churrascaria (San Jose) LLC*, 2021 WL 3913519, at *3 (N.D. Cal. Sept. 1, 2021) (declining to dismiss based on Rule 12(b)(1) standing challenge where issue of whether the restaurant's facilities are accessible to Plaintiff was too intertwined with the merits).[2]

**b. Standing to Seek Injunctive Relief**

Defendant argues that Plaintiff does not have standing to seek injunctive relief because he has no intent to return to the Hotel and is not actually deterred from visiting the Hotel in the future. Mot. 12–22. Defendant contends that Plaintiff's allegations that he intends to return to the Hotel are belied by his having visited four other hotels in Gilroy in the two-day span during which he first visited the Hotel and subsequently suing all five hotels. *Id.* at 13; RJN, Exs. 1, 3, 5, 6.[3] Defendant further argues that Plaintiff cannot afford to return to each of the hotels he has sued for ADA violations because he has represented under oath that his monthly expenses exceed his monthly income by $885. *See* Mot. 13; RJN, Ex. 10. In response, Plaintiff states that he visited the Hotel on June 30, 2021 in order to lodge there; he intended to return to the Hotel in the 2021/2022 winter; he actually returned to Gilroy on or about January 25, 2022; and he was deterred from lodging at the Hotel during the January 25, 2022 visit because he knew it was not accessible. Opp'n 2–3; Gastelum Decl. iso Mot. ¶¶ 11, 16–18. Plaintiff additionally alleges that

[2] Defendant argues that where the jurisdictional issue and substantive claims are intertwined, as here, the district court should employ the standard applicable to a motion for summary judgment. Mot. 3–4 (citing *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005)). Because this Order goes on to address the pending motion and cross-motion for summary judgment, it will not unnecessarily convert the motion to dismiss to a summary judgment motion.

[3] The Court notes that Exhibit 1 of the Request for Judicial Notice indicates that Plaintiff in fact sued eight Gilroy hotels based on visits between June 29, 2021 and June 30, 2021. RJN, Ex. 1.

Case No.: 21-cv-06234-EJD
ORDER DENYING DEFT.'S MOT. TO DISMISS; DENYING PLTF.'S MOT. FOR SUMMARY JUDGMT.; GRANTING DEFT.'S CROSS-MOT. FOR SUMMARY JUDGMT.
10

United States District Court
Northern District of California

he stops in the Gilroy area at least two to four times a year to lodge, eat, attend events, or as a pit stop on his way to Sacramento, Stockton, and Northern California from his residence in Casa Grande, Arizona. SAC ¶¶ 6, 8–9. He also alleges that he will "return to the Hotel . . . once it is represented to him that the Hotel is accessible." *Id.* ¶ 30.

"Allegations that a disabled plaintiff intends to visit a place of public accommodation but is deterred from doing so by non-compliance with the ADA are sufficient to establish standing to seek injunctive relief." *Parvarti Hosp.*, 2022 WL 2812176, at *5 (citing *C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002)). Plaintiff has supported those allegations with a sworn declaration, and the Court finds that Plaintiff has therefore sufficiently alleged his intent to return to Hotel, as well as his deterrence from currently doing so. As such, Plaintiff possesses Article III standing to seek injunctive relief. *See Chapman*, 613 F.3d at 949.

Defendant argues that the Court should examine additional factors in determining whether Plaintiff "likelihood of visiting or returning to [the Hotel] is sufficient to confer standing," namely, (1) the proximity of the place of the Hotel to Plaintiff's residence; (2) Plaintiff's past patronage of the Hotel; (3) the definitiveness of Plaintiff's plans to return; and (4) Plaintiff's frequency of travel near Defendant. Mot. 13–19. These factors have been applied to ADA cases by some district courts in the Ninth Circuit, and rejected by others. *Compare Johnson v. DTBA, LLC*, 424 F. Supp. 3d 657, 663 (N.D. Cal. 2019) (internal quotation marks and citation omitted) (requiring plaintiffs to plead additional factors) *and Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) (same), *with, e.g.*, *Parvarti Hosp.*, 2022 WL 2812176, at *5 (refusing to require additional elements). As noted by another court in this circuit, "the Ninth Circuit has not adopted [the four-factor test] despite having confronted the same or similar issue repeatedly." *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1342 n.4 (E.D. Cal. 2020) (citations omitted). This Court likewise rejects the argument that it should require Plaintiff to plead facts addressing the four-factor test. Accordingly, the Court finds that Plaintiff has sufficiently shown standing to

Case No.: 21-cv-06234-EJD
ORDER DENYING DEFT.'S MOT. TO DISMISS; DENYING PLTF.'S MOT. FOR SUMMARY JUDGMT.; GRANTING DEFT.'S CROSS-MOT. FOR SUMMARY JUDGMT.
11

United States District Court
Northern District of California

seek injunctive relief.

**3. Unruh Act Claim**

Defendant moves to dismiss all claims in the SAC, including Plaintiff's Unruh Act Claim. Mot. 3. Regarding the Unruh Act claim, Defendant states only that "[b]ecause this Court has already issued an Order to Show Cause regarding declining supplemental jurisdiction over Gastelum's Unruh Act claim, Defendant will not repeat its argument on that point here." *Id.* at 2.

In its Prior Order, the Court stated:

> Federal courts may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4). When a "high-frequency" litigant asserts a California Unruh Act claim in federal court alongside an ADA claim, this will typically constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim. *See Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021); *Garcia v. Maciel*, 2022 WL 395316, at *2–5 (N.D. Cal. Feb. 9, 2022); *Johnson v. Right Crons Inc.*, 2021 WL 3565441 (N.D. Cal. Aug. 11, 2021). Plaintiff is therefore ordered to show cause why this Court should not decline to exercise supplemental jurisdiction over the Unruh Act claim in a written response filed with the Court.

Prior Order at 12. Plaintiff's response to the order to show cause asserts two bases for retaining jurisdiction: (1) "California's special and enhanced procedures that form the basis for denial of supplemental jurisdiction are expressly, field and conflict pre-empted by the ADA," and (2) "California's special and enhanced procedures are designed to limit access to attorneys and not pro se litigants." OSC Response at 1. Upon consideration of Plaintiff's response to the order to show cause, the Court declines to exercise supplemental jurisdiction over his Unruh Act claim.

First, Plaintiff's argument that 28 C.F.R. § 36.103(c) preempts the Unruh Act is not well-taken. *See* OSC Response at 4–6. Plaintiff does not adequately identify "a conflict between a particular [state] provision and the federal scheme . . . strong enough to overcome the presumption that state and local regulation of ... matters can constitutionally coexist with federal regulation." *Barrientos v. 1801-1825 Morton*, 583 F.3d 1197, 1209 (9th Cir. 2009) (citation omitted). The Court agrees with the numerous other courts in this circuit that have found no support for the proposition, including courts that have evaluated identical arguments by Plaintiff.

Case No.: 21-cv-06234-EJD
ORDER DENYING DEFT.'S MOT. TO DISMISS; DENYING PLTF.'S MOT. FOR SUMMARY JUDGMT.; GRANTING DEFT.'S CROSS-MOT. FOR SUMMARY JUDGMT.
12

United States District Court
Northern District of California

*See Gastelum v. TJX Cos., Inc.*, 2023 WL 2224432, at *3 (N.D. Cal. Feb. 24, 2023) ("Mr. Gastelum's remaining argument that California's heightened rules regarding his Unruh Act claim are 'expressly preempted' by ADA regulation 28 C.F.R. § 36.103(c)[] does not compel a contrary conclusion, as the argument is neither well-developed nor supported by any authority that actually so holds."); *Gastelum v. 4045 Univ., LLC*, 2022 WL 3574445, at *4 n.2 (C.D. Cal. July 21, 2022) ("Not only does Plaintiff fail to cite any authority for his reading of this regulation, but his argument misunderstands preemption, the court's holding in *Arroyo*, and the California Legislature's purpose in enacting "high-frequency litigant" restrictions. Without more, this argument is unavailing.") *see also Brooke v. Disney Way Hotel Partners LLC*, 2023 WL 3551966, at *4 (C.D. Cal. Apr. 28, 2023) (rejecting argument that 28 C.F.R. § 36.103(c) preempts Unruh Act); *Brooke v. Sapphire Invs., LLC*, 2022 WL 18397389, at *1 (C.D. Cal. Nov. 9, 2022) (stating 28 C.F.R. § 36.103(c) "does not deal with state law provisions such as the Unruh Act" and instead "is a bar as to the ADA's limiting the remedies or rights or procedures of any other Federal, State, or local law").

Plaintiff's second argument—that California's reforms to the Unruh Act, including heightened pleading standards and increased filing fees are designed to restrict attorneys, but not *pro se* litigants—is also unavailing. Plaintiff points to no support for his claim that the "high-frequency litigants," at whose conduct the reforms were aimed, are limited to attorneys. To the contrary, a "high-frequency litigant" was "generally defined as a '*plaintiff* who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.'" *Arroyo*, 19 F.4th at 1207 (quoting Cal. Code Civ. P. § 425.55(b)(1)) (emphasis added). Plaintiff does not dispute that he would be subject to the "procedural strictures" established by the California legislature reforms, *see* OSC Response at 8, and the Court declines to conclude that the California legislature would have intended to exclude a high-frequency *pro se* litigant from its "carefully crafted reforms in this area." *See id.* at 1213.

Case No.: 21-cv-06234-EJD
ORDER DENYING DEFT.'S MOT. TO DISMISS; DENYING PLTF.'S MOT. FOR SUMMARY JUDGMT.; GRANTING DEFT.'S CROSS-MOT. FOR SUMMARY JUDGMT.
13

United States District Court
Northern District of California

Although Plaintiff does not explicitly list a third basis for exercising supplemental jurisdiction, he includes arguments regarding the analysis for declining supplemental jurisdiction under 28 U.S.C. § 1367(c)(4). *See* OSC Response at 6–9. Under § 1367(c)(4), a district court may decline to exercise supplemental jurisdiction over California's Unruh Act claims due to "exceptional circumstances." *See, e.g.*, *Arroyo*, 19 F.4th at 1210 (analyzing district court's decision to decline supplemental jurisdiction under 1367(c)(4)); *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022) (same). Declination of supplemental jurisdiction under § 1367(c)(4) requires (1) articulation of why the circumstances of the case are exceptional and (2) consideration of what "'best serves the principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine' articulated in *Gibbs*." *Arroyo*, 19 F.4th at 1210 (citation omitted). "These two inquiries are not particularly burdensome." *Vo*, 49 F.4th at 1171 (internal quotation marks and citation omitted).

The Ninth Circuit has held that the shift of Unruh Act claims to California federal courts, like the one at issue here, is an "exceptional" circumstance. *Arroyo*, 19 F.4th at 1213. Specifically, it noted that a "recent confluence of several California-law rules have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity." *Id.* at 1211. More recently, in *Vo*, the Ninth Circuit noted that "[t]here is little doubt that the first prong is satisfied" where a case lies in the same legal landscape as *Arroyo*, *i.e.*, where, as here, a serial plaintiff regularly brings California Unruh Act claims in California federal courts. *Vo*, 49 F.4th at 1171. The Court therefore finds that the California legislature's clear goal of increasing the procedural requirements for bringing Unruh Act claims creates an "exceptional" circumstance in a federal court's consideration of whether to exercise supplemental jurisdiction over an Unruh Act claim.

In considering the *Gibbs* factors of economy, convenience, fairness, and comity, the Court finds declination of supplemental jurisdiction appropriate. The Court first finds the principle of comity "weighs strongly in favor of declining jurisdiction because 'retention of supplemental

Case No.: 21-cv-06234-EJD
ORDER DENYING DEFT.'S MOT. TO DISMISS; DENYING PLTF.'S MOT. FOR SUMMARY JUDGMT.; GRANTING DEFT.'S CROSS-MOT. FOR SUMMARY JUDGMT.
14

jurisdiction over ADA-based Unruh Act claims threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms.'" *Disney Way Hotel Partners*, 2023 WL 3551966, at *4 (quoting *Arroyo*, 19 F.4th at 1213). The Court also finds the fairness factor to weigh in favor of declining supplemental jurisdiction, as Plaintiff "appears to be engaging in forum-shopping to avoid California's additional procedural requirements," such that exercising supplemental jurisdiction would be unfair to the Defendant. *See id.* (citations omitted); *see also Gastelum v. Tri-County Hosp.*, 2023 WL 1442903, at *6 ("[F]airness also counsels in favor of declining jurisdiction over Mr. Gastelum's Unruh Act claim. Allowing Mr. Gastelum to pursue his state law claim here would 'countenance "a wholesale evasion of ... critical limitations on damages relief" that the California legislature has seen fit to impose for claims under that statute.'"). Lastly, the factors of economy and convenience also weigh in favor of declining jurisdiction because, as discussed further below, the Court addresses the parties' summary judgment motions in this Order and finds in favor of the Defendant.

Accordingly, the Court declines to exercise supplemental jurisdiction over and hereby DISMISSES Plaintiff's Unruh Act claim. Defendant's motion to dismiss the SAC is DENIED as to Plaintiff's federal ADA claim.

**B. Cross-Motions for Summary Judgment**

The Court now turns to the parties' cross-motions for summary judgment. Because the Court has declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim for the reasons detailed above, only the ADA claim remains. *See* SAC ¶¶ 32–39 (stating two causes of action). Plaintiff moves for summary judgment on whether Defendant violated the ADA by providing a passenger loading zone without a marked access aisle. Plaintiff's MSJ at 2. Defendant asserts that it is entitled to summary judgment on the ADA claim, and that Plaintiff lacks Article III standing. Defendant's Cross-MSJ at 1. Defendant's arguments in support of each of its two bases for its cross-motion are essentially the same: that there is no passenger loading

United States District Court
Northern District of California

zone at the Hotel, that the Hotel is not required to have a passenger loading zone, and that ADA accessible parking on the shortest route to the Hotel lobby obviates any need for a passenger loading zone. *Id.* at 4, 8–13. For the same reasons discussed in its analysis of Defendant's motion to dismiss, the Court finds that the jurisdictional issues are dependent on the resolution of factual issues going to the merits of the action. *See supra*, at III.A.2.a. The Court therefore first evaluates those underlying facts. *See Safe Air for Everyone*, 373 F.3d at 1039.

**1. Existence of a Passenger Loading Zone**

The crucial question that forms the basis of whether Defendant violated the ADA and whether Plaintiff suffered an injury in fact is: Did the Hotel provide a passenger loading zone, as Plaintiff alleges in the SAC? *See* SAC ¶ 11. Plaintiff's motion for summary judgment is evidentiarily supported only by a section titled "Verified Statement of Facts"[4] in his moving papers and a document titled U.S. Access Board Technical Guide, Passenger Loading Zones ("Passenger Loading Zone Guide") attached as an exhibit to his reply brief.[5] *See* Plaintiff's Reply Re Motion for Summary Judgment and Response to Cross Motion for Summary Judgment ("Reply"), Ex. 3, ECF 52-3. The only evidence Plaintiff provides in support of his contention that the Hotel provided a loading zone is his verified statement that "[t]here was a passenger loading zone" at the Hotel when he visited on or about June 30, 2021, and that the following photograph "accurately reflect[s] the condition of the Hotel when Plaintiff visited it on June 30, 2021, then again when he visited it on January 25, 2023." Plaintiff's MSJ at 3–4.

[4] Plaintiff's verification language does not match the language of the federal statute. *Compare* Plaintiff's MSJ at 5 ("Plaintiff verifies under the penalty of perjury that the fact stated above are true and correct to the best of his knowledge, memory and belief."), *with* 28 U.S.C. § 1746 ("I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."). The Court will nonetheless consider it proper in light of Plaintiff's *pro se* status, and will consider Plaintiff's "Verified Statement of Facts" as evidence in support of his motion for summary judgment.

[5] The Reply also attaches two legal opinions, which are not evidentiary materials.

Case No.: 21-cv-06234-EJD
ORDER DENYING DEFT.'S MOT. TO DISMISS; DENYING PLTF.'S MOT. FOR SUMMARY JUDGMT.; GRANTING DEFT.'S CROSS-MOT. FOR SUMMARY JUDGMT.
16

United States District Court
Northern District of California

Defendant argues that the Hotel did not and does not provide a passenger loading zone. Defendant's Cross-MSJ at 4. Defendant presents another expert declaration from Mr. Layman,[6]

[6] As the Court previously noted, *see supra*, at III.A.2.a., Mr. Layman is a Certified Access Specialist who inspected the Hotel prior to its opening. Mr. Layman has 42 years of construction and development experience and helped write the current California Building Code Accessibility sections with the California Division of State Architects Office. Cross-MSJ Layman Decl. ¶ 2.

Case No.: 21-cv-06234-EJD
ORDER DENYING DEFT.'S MOT. TO DISMISS; DENYING PLTF.'S MOT. FOR SUMMARY JUDGMT.; GRANTING DEFT.'S CROSS-MOT. FOR SUMMARY JUDGMT.
17

United States District Court
Northern District of California

who inspected the Hotel's front lobby area that Plaintiff contends is a passenger loading zone. Declaration of Gary Layman in Support of Defendant's Cross-MSJ ("Cross-MSJ Layman Decl."), ECF No. 51-1, ¶ 8. Mr. Layman states that the hotel has a front entrance with a porte cochere attached to the building that extends over the drive lane, and that there are "no design features, signs, or markings indicating that the area under the porte cochere is for loading and unloading or for passenger drop-off and pick-up, or that the drive lane is a passenger loading zone." *Id.* ¶¶ 9, 13. Mr. Layman concludes that although passenger loading and unloading may take place under the porte cochere, its main function "is for people to check in to the hotel and be protected from the elements." *Id.* ¶ 14. He concludes that "there is no designated or marked passenger loading zone at the hotel front entrance." *Id.* Defendant additionally provides a second declaration from Mr. Gebhardt, the general manager of the Hotel, that states that the "Hotel has no loading zone." Declaration of Eric Gebhardt in Support of Defendant's Cross-MSJ, ECF No. 51-2, ¶ 4. Mr. Gebhardt's declaration attached three photographs depicting different angles of the front entrance to the Hotel. *See id.*, Exs. 1–3.

The Court finds that there is no genuine issue of disputed fact as to the existence of the passenger loading zone. Plaintiff has not provided any expert opinion to counter that of Mr. Layman. Plaintiff's photograph and does not contradict any feature evident from the three photographs attached to Mr. Gebhardt's declaration, and none of the photos show any signs or markings indicating that the Hotel's front entrance has a passenger loading zone. There remains only Plaintiff's bare statement that the Hotel had a passenger loading zone, but he does not refute Defendant's evidence that the Hotel's front entrance had no signs, markings, or design features indicating a passenger loading zone. The uncontroverted evidence therefore shows that the Hotel did not provide a passenger loading zone.[7]

---

[7] Plaintiff does not allege or argue that Defendant was required to provide a passenger loading zone. *See generally* SAC; Plaintiff's MSJ. However, Defendant has also presented evidence showing that it was not required to provide a passenger loading zone at the Hotel. *See* Cross-MSJ Layman Decl. ¶¶ 11–15. Plaintiff appears to concede the point. *See* Reply at 2 (quoting Passenger Loading Zone Guide's explanation that "the requirements [to provide a passenger

Case No.: 21-cv-06234-EJD
ORDER DENYING DEFT.'S MOT. TO DISMISS; DENYING PLTF.'S MOT. FOR SUMMARY JUDGMT.; GRANTING DEFT.'S CROSS-MOT. FOR SUMMARY JUDGMT.
18

United States District Court
Northern District of California

**2. Summary**

Because Defendant did not provide a passenger loading zone, Plaintiff cannot state an ADA claim based on the lack of a marked access aisle at a loading zone, and has no injury in fact. *See Brooke v. Sai Ashish Inc.*, 2021 WL 4804220, at *9 (holding, on motion to dismiss, that plaintiff failed to show existence of a barrier establishing concrete injury in fact under ADA where allegations were insufficient to show existence of passenger loading zone). Accordingly, Plaintiff's motion for summary judgment on his ADA claim is denied, and Defendant's cross-motion for summary judgment is granted.[8]

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is DENIED as to the federal ADA claim;
2. The Court declines to exercise jurisdiction over Plaintiff's Unruh Act claim and therefore DISMISSES the claim;
3. Plaintiff's Motion for Summary Judgment is DENIED; and
4. Defendant's Cross-Motion for Summary Judgment is GRANTED.

Accordingly, a separate judgment will enter in favor of Defendant, and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: June 12, 2023

EDWARD J. DAVILA
United States District Judge

loading zone] apply only where passenger loading zones are provided" except at specific list of sites that does not include hotels).

[8] The Court notes that even if it had exercised supplemental jurisdiction over Plaintiff's Unruh Act claim, its holding on the parties' cross-motions for summary judgment would leave the state law claim without a federal question basis for supplemental jurisdiction.