UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| FERNANDO GASTELUM,<br><br>                              Plaintiff,<br><br>          v.<br><br>BLUE DIAMOND HOSPITALITY LLC,<br><br>                              Defendant. | Case No.  5:21-cv-06234-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL AND/OR ALTER JUDGMENT PURSUANT TO RULE 59**<br><br>Re: ECF No. 58 |

Plaintiff Fernando Gastelum moves for this Court for a new trial or to alter judgment pursuant to Fed. R. Civ. P. 59.  The Court finds the motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons provided herein, Plaintiff's motion is **DENIED.**

I.      **BACKGROUND**

Defendant Blue Diamond Hospitality LLC's ("Blue Diamond") owns the Hampton Inn & Suites Gilroy ("Hotel") in Gilroy, California.  Gastelum has a prosthetic leg and uses a wheelchair and/or cane to ambulate.  Gastelum brought this action alleging a single violation of the Americans with Disabilities Act of 1990 ("ADA") after he allegedly encountered a barrier to accessibility when he visited the Hotel.  Gastelum alleged that the Hotel entrance has a "passenger loading zone" that lacks a marked access aisle as required by Section 503.3.3 of the ADA's 2010 Standards for Accessible Design ("2010 Standards" or "2010 ADAAG").  *See* Second Am. Compl. ("SAC"), ECF No. 37.

This Court denied Gastelum's motion for summary judgment and granted Blue Diamond's motion for summary judgment on June 12, 2023.  *See* Order Den. Def.'s Mot. to Dismiss SAC;

1    Den. Pl.'s Mot. for Summ. J.; and Granting Def.'s Mot. for Summ J. ("Order"), ECF No. 58.  The

2    Order found that the Hotel does not have a passenger loading zone and therefore Gastelum could

3    not state an ADA claim based on the lack of a marked access aisle.  The Court also declined to

4    exercise jurisdiction over Plaintiff's Unruh Act claim and dismissed that claim.  On June 12, 2023,

5    judgment was entered in favor of Blue Diamond.

6        Immediately following the entry of judgment, Gastelum moved for a new trial or to alter

7    judgment pursuant to Rule 59.  *See* Pl. Fernando Gastelum's Notice of Mot. and Mot. for New

8    Trial and/or Alter J. Pursuant to Rule 59 ("Mot."), ECF No. 58.  Blue Diamond opposes the

9    motion.  *See* Opp'n to Pl.'s Mot. for New Trial and/or Alter J. Pursuant to Rule 59 ("Opp'n"),

10   ECF No. 59.

11   **II.    LEGAL STANDARD[1]**

12       Federal Rule of Civil Procedure 59(e) governs motions for reconsideration.  A district

13   court may reconsider its grant of summary judgment under Rule 59(e).  *Sch. Dist. No. 1J,*

14   *Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  "Under Rule 59(e), a

15   motion for reconsideration should not be granted, absent highly unusual circumstances," which

16   includes "where the district court is presented with newly discovered evidence, committed clear

17   error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v.*

18   *Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* Civ. L.R. 7-9(a).  Accordingly,

19   reconsideration is an "extraordinary remedy, to be used sparingly in the interest of finality and

20   conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th

21   Cir. 2000).

22

23

24   [1] Plaintiff also moves for relief pursuant to Rule 59(a), which governs motions for new trials.
     Pursuant to Rule 59(a), a new trial may be granted "on all or some of the issues—and to any

25   party" after a jury trial or nonjury trial. Fed. R. Civ. P. 59(a).  There was no trial in this case;
     Plaintiff filed the instant motion after summary judgment was granted.  Indeed, "a Rule 59(a)

26   motion for new trial is not available on claims or causes of actions for which Plaintiffs never
     received a trial."  *Merrill v. Cty. of Madera*, 389 Fed. Appx. 613, 615 (9th Cir. 2010).

27   Accordingly, the Court considers Plaintiff's motion under Rule 59(e).  *See McLean v. Gutierrez*,
     No. 15-CV-275-RGK-SP, 2020 WL 2891987, at *2 (C.D. Cal. Mar. 31, 2020).

28   Case No.: 5:21-cv-06234-EJD
     ORDER DEN. PL.'S MOT. FOR NEW TRIAL AND/OR TO ALTER J.

United States District Court
Northern District of California

### III.   DISCUSSION

Gastelum requests that this Court alter or amend the summary judgment by denying Blue Diamond's motion.  The crux of Gastelum's argument is that the existence of a passenger loading zone at the Hotel is a disputed material fact.

Gastelum alleges four errors in fact and law in the Court's Order: (1) the Court failed to consider passenger loading zone "design features" in its analysis; (2) the Court should not have considered Gebhardt's testimony because he is not the architect of the Hotel; (3) the Court failed to consider that "persons in fact load and unload at the disputed area" which suggests that the area was designed for loading and unloading; and (4) Layman's expert testimony regarding the design of the Hotel was not credible because he is not the architect of the Hotel.[2]  Mot. at 11.  For the reasons discussed below, Plaintiff has failed to establish any basis for reconsideration under Rule 59(e): there has been no intervening change of controlling law; Plaintiff presents no new evidence; there was no clear error in the Court's entry of summary judgment; and there is no other basis for granting Plaintiff's motion.

Turning to his first contention, Gastelum asserts that it was an error in fact for the Court to fail to consider the "design features" of the area at issue in reaching its conclusion that the Hotel does not have a passenger loading zone.

The 2010 ADAAG requires three types of businesses to provide a passenger loading zone: (1) medical care and long-term care facilities (§ 209.3); (2) valet parking (§ 209.4); and (3) mechanical access parking garages (§ 209.5).  *See* 2010 ADAAG § 209.  According to Section 503 of the U.S. Access Board Guidelines, all other facilities—such as hotels—are not required to provide passenger loading zones, but where voluntarily provided, they must be ADA compliant. *See* U.S. Access Board, *Chapter 5: Passenger Loading Zones*, Guide to the ADA Accessibility Standards, available at https://www.access-board.gov/ada/guides/chapter-5-passenger-loading-zones).  Section 503 specifically provides that "[o]nly those areas that are specifically designed or

---

[2] The Court notes that Plaintiff's motion is not based on newly discovered evidence nor an intervening change in law.

designated for passenger loading are considered 'passenger loading zones' under the Standards." *Id.* Gastelum contends that the Court's analyses erred by focusing on whether the area at issue was *designated* as a passenger loading zone and failing to consider whether the area was *designed* to serve as a passenger loading zone.

As noted, there is no dispute that area at issue is not designated as a passenger loading zone. Gastelum agrees that it is not a designated loading zone but contends that the "design features" classify it as such. According to Gastelum, the photographs provided by Defendant's witness, Eric Gebhardt, reveal four design features that indicate the area was designed to be a passenger loading zone: (1) a curb cutout; (2) a porte cochere, or a roofed structure extending from the entrance of the Hotel; (3) lighting within the porte cochere; and (4) tile flooring, which differs from the surrounding asphalt. Mot. at 8.; *see* Decl. of Eric Gebhardt in Support of Mot. to Dismiss SAC, ECF No. 39-2. Gastelum suggests that, had the Court considered these design features, it would have denied Blue Diamond's cross-motion for summary judgment on the basis that the existence of a passenger loading zone is a disputed material fact.

In reaching its decision to grant summary judgment, the Court considered the parties' moving papers including any photographs and declarations in support. *See generally* Order. Gastelum's motion for summary judgment is five pages in length with no attachments. At no point in these five pages nor in his reply brief does Gastelum identify or describe any design features specific to a passenger loading zone.[3] The only evidence Gastelum provided in support of his contention is a single conclusory statement that "[t]here was a passenger loading zone" at the Hotel when he visited on or about June 30, 2021. Pl.'s Mot. for Summ. J. ("MSJ"), ECF No. 50 at 3–4; *see* Order at 16. His motion provides one photograph of the area at issue which appears to be taken from the vantage point of someone standing directly outside the entrance of the Hotel. MSJ

---

[3] Plaintiff's Reply brief attached an excerpt from the U.S. Access Board Technical Guide regarding passenger loading zones. This document primarily addresses the required compliance of a passenger loading zone but does identify "design features" of a passenger loading zone. In any event, the Court considered this exhibit. *See* Order at 16. The Reply also attached two legal opinions, which are not evidentiary materials. *Id.*

United States District Court
Northern District of California

at 3; *see* Order at 17.

In its opposition and cross-motion for summary judgment Blue Diamond argued that the Hotel did not and does not provide a passenger loading zone. In support of its motion, Blue Diamond submitted declarations of Eric Gebhardt and Gary Layman. Mr. Layman is a licensed contractor and licensed Certified Access Specialist in California since 2009. *See* Decl. of Gary Layman in Support of Def.'s Cross-MSJ ("Layman Decl."), ECF No. 51-1, ¶ 2. Mr. Layman stated there are "***no design features***, signs, or markings indicating that the area under the porte cochere is for loading and unloading or for passenger drop-off and pick-up, or that the drive lane is a passenger loading zone." *Id.* ¶¶ 9, 13 (emphasis added). In his opinion, although passenger loading and unloading may take place under the porte cochere, its main function "is for people to check in to the hotel and be protected from the elements." *Id.* ¶ 14. Based on his observations and inspection, he concluded that "there is no designated or marked passenger loading zone at the hotel front entrance." *Id.* Mr. Gebhardt is the general manager of the Hotel. *See* Decl. of Eric Gebhardt in Support of Def.'s Cross-MSJ ("Gebhardt Decl."), ECF No. 51-2, ¶ 2. In his declaration he provided three photographs depicting different angles of the front entrance of the Hotel and stated that the "Hotel has no loading zone." *Id.* ¶ 4; *see* Exs. 1–3.

The Court considered the declarations of both Layman and Gebhardt in reaching its decision. *See* Order at 16–18. Gastelum did not provide any expert testimony to counter that of Mr. Layman. Nevertheless, Gastelum now contends that the Court erred in fact and law by giving weight to the testimonies of Mr. Layman and Mr. Gebhardt. Gastelum asserts that neither individual are the original architects of the Hotel and, therefore, they are not qualified to opine on whether the area at issue was specifically designed to be a passenger loading zone. Mot. at 8–10. According to Gastelum, the Court "ignored the photographs . . . in which at least four separate design features showed it is designed for passenger loading." *Id.* at 9. Gastelum's argument is unavailing for two reasons.

First, although Gastelum now challenges the credibility of the expert testimony, at no point did he seek to exclude the admission of Mr. Layman's testimony. A court may consider expert

United States District Court
Northern District of California

testimony that "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).  "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry.  And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* at 565.   Here, Mr. Layman's testimony was both reliable and relevant.  In addition to being a licensed contractor and licensed Certified Access Specialist in California, Mr. Layman helped write the California Building Code Accessibility sections with the California Division of State Architects Office.  Layman Decl. ¶ 2.  Mr. Laymen inspected the Hotel prior to its opening and again in March 2022.  *Id.* ¶ 7.  His knowledge and experience are therefore "of the relevant discipline." *Daubert*, 509 U.S. at 565.

The fact that Mr. Layman and Mr. Gebhardt were not the "original architect[s]" of the Hotel does not preclude them from commenting on whether the Hotel has a passenger loading zone.  Gastelum had the opportunity to present evidence to refute Mr. Layman or Mr. Gebhardt's testimony, but he chose not to do so.  The Court did not err in fact nor law in considering either declaration.

Second, Gastelum did not raise this "design feature" argument in his briefs and argues it for the first time in this motion.  A party may not use a motion for reconsideration and/or motion to alter or amend judgment to present new arguments that should have been raised prior to judgment.  *Kona Enters.*, 229 F.3d at 890 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Rather, a court's reconsideration of a judgment is appropriate where "the district court . . . [has] committed clear error. . . ." *Sch. Dist. No. 1J*, 5 F.3d at 1263.  There is no strict definition of "clear error, but "case law indicates that clear error should conform to a very exacting standard."

United States District Court
Northern District of California

*Pet Food Express, Ltd. v. Royal Canin USA, Inc.*, No. 09-CV-1483-EMC, 2011 U.S. Dist. LEXIS 141281, at *9 (N.D. Cal. Dec. 8, 2011) (internal quotation marks omitted).  "The Ninth Circuit has, at the very least, indicated that there is no clear error where the issue is 'a debatable one.'" *Joe Hand Promotions, Inc. v. Mujadidi*, No. 11-CV-5570 EMC, 2012 WL 4901429, at *1 (N.D. Cal. Oct. 15, 2012) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999)); *see also Carranza v. Lewis*, No. 12-CV-01169-EJD, 2012 WL 3627790, at *1 (N.D. Cal. Aug. 21, 2012). Disagreeing with the Court's decision is insufficient to establish a clear error.  *Campion v. Old Republic Home Prot. Co.*, No. 09-CV-748-JMA NLS, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) ("'Mere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice for this exception. To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong.") (quotations and citation omitted).

Here, the fact that Gastelum disagrees with the Court's decision is insufficient to establish an error of fact or law.  Indeed, Gastelum failed to "make a showing sufficient to establish the existence of an element essential to [. . .] [his] case . . . " in failing to present any evidence to refute the evidence put forth by Blue Diamond.  *Parth v. Pomona Valley Hosp. Med. Ctr.*, 630 F.3d 794, 798–99 (9th Cir. 2010).  There is no "manifest injustice" under these circumstances.

Accordingly, the Court did not commit a clear error warranting reconsideration under Fed. R. Civ. P. 59.  Plaintiff has failed to make the requisite showing for reconsideration.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 25, 2023

EDWARD J. DAVILA
United States District Judge